**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-5647-18
                        A-0148-19
                        A-0167-19

HADDON POINT MANAGER,
LLC,

     Plaintiff-Respondent,

v.

MICHAEL O. LIVINGSTONE,

     Defendant-Appellant.

_____

          Submitted November 18, 2021 – Decided December 3, 2021

          Before Judges Alvarez and Haas.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket Nos. LT-002379-19, LT-003820-19, and LT-005828-19.

          Michael O. Livingstone, appellant pro se.

          Respondent has not filed a brief.

PER CURIAM

In these three back-to-back landlord-tenant appeals, which we now consolidate for purposes of this opinion, defendant Michael O. Livingstone challenges: (1) the Special Civil Part's June 6, 2019 order requiring defendant to pay $406 to plaintiff Haddon Point Manager, LLC to avoid eviction; (2) the court's July 18, 2019 order denying defendant's motion to hold plaintiff and its attorney in contempt; and (3) the court's August 15, 2019 order granting a judgment of possession to plaintiff after defendant failed to pay $405 in unpaid late fees and attorney's fees. We affirm.

The material facts are not in dispute. On December 24, 2018, defendant signed a one-year residential lease with plaintiff for a one-bedroom apartment. Defendant agreed to pay $1,520 per month in rent. The lease stated that if defendant did not pay the rent by the fifth day of the month, he would be required to pay plaintiff a ten percent late charge along with the monthly rent. The lease also provided that if plaintiff

> institutes legal proceedings to remove [defendant] from the [a]partment for good cause, including but not limited to, [defendant's] failure to pay . . . [r]ent or [o]ther [c]harges due under the [l]ease, [defendant] agrees to pay [plaintiff] court costs, costs of the preparation and filing of legal documents, and/or attendance at court, reasonable attorney's fees and all other costs of legal proceedings.

The lease further stated that the late fees and attorney's fees were "[p]ayable as additional rent."

Defendant did not pay his February or March 2019 rent on time and plaintiff assessed him late fees. On March 18, 2019, plaintiff filed an eviction complaint against defendant in the Special Civil Part. However, plaintiff's witness did not appear at the April 25, 2019 trial and the court dismissed its complaint.

Shortly thereafter, defendant filed a motion seeking to bar plaintiff from continuing to claim the late fees. However, defendant failed to appear at the May 16, 2019 hearing on his motion and, therefore, the court dismissed his motion. On May 30, 2019, the court denied defendant's motion to vacate this dismissal.

Defendant did not pay his May 2019 rent on time and plaintiff assessed him $152 late fees for February, March, and May, totaling $456, together with additional attorney's fees and court costs. Plaintiff then filed a judgment for possession complaint against defendant. On the June 6, 2019 return date, the court enforced the lease and ordered defendant to pay plaintiff $406, representing the $152 late fee for May 2019 and $254 in attorney's fees by the end of the day. Otherwise, the court stated it would issue plaintiff a judgment

3

of possession. Defendant made the required payment and continued to reside in the apartment.

On July 2, 2019, defendant filed a motion seeking an order holding plaintiff and its attorney in contempt. Defendant alleged that plaintiff continued to list an unpaid balance of $1,000 on his "ledger" for the attorney's fees plaintiff had assessed against him for its defense of the motions defendant filed in May 2019. Defendant asked the court to direct plaintiff to remove these charges from the ledger and to "order the [p]olice to supervise [p]laintiff" when it did so. Following oral argument on July 18, 2019, the court noted that it had not previously ruled on the propriety of these charges and stated that if plaintiff sought to recover them in a future collection action, it would consider defendant's arguments at that time.

Defendant did not pay his July 2019 rent on time. Plaintiff assessed him a $152 late fee for that month, together with $253 in legal fees and court costs. Plaintiff also sought a judgment of possession. On the August 15, 2019 return date, the court ordered defendant to pay plaintiff the $405 due by the end of the day in order to avoid eviction. When defendant failed to do so, the court entered a judgment of possession in plaintiff's favor.

A-5647-18

On September 12, 2019, the court denied defendant's application to vacate the judgment of possession. On September 25, 2019, we stayed defendant's eviction until October 7, 2019 "[t]o allow for an orderly removal." Plaintiff thereafter assumed possession of the apartment.

On appeal, defendant raises the following arguments concerning the Special Civil Part's June 6, 2019 order:

> [POINT I]
>
> The Trial Court abused its discretion on June 6, 2019 Trial [sic] when the Court failed to detect and dismiss the eviction complaint as a defective complaint that does not plead the full $1,000 Attorney Fees – additional rent Haddon Point demanded at trial; permitted on-the-spot oral amendment of the complaint without leave of Court; Haddon Point committed a Fraud Upon The Court; all in violation of Appellant's due process and FDCPA rights.
>
> [POINT II]
>
> The Trial Court Abused Its Discretion During [the] June 6, 2019 Trial When The Court Did Not Waive May 2019 Late Rent Fees Despite Haddon Point Violating Its Own Rules In The Lease Contract By Accepting Late Rent Payment Money Orders Without Late Fees Together.
>
> [POINT III]
>
> The Trial Court Abused Its Discretion When The Court Awarded Unconscionable And Unreasonable 10% Late Rent Payment Fees To Haddon Point.

A-5647-18

Defendant presents the following arguments concerning the court's July 18, 2019 order:

[POINT IV]

The Trial Court abused its discretion during [the] July 18, 2019 post-trial motion hearing . . . when the Trial Court said the $1,000 May 2019 attorney fees-additional rent was not before the Court and so the Court did not rule upon it during the June 6, 2019 Trial . . . despite what the adjudicative record says.

[POINT V]

The Trial Court abused its discretion during July 18, 2019 post-trial motion hearing . . . when the Court stated with vagueness that the $1,000 attorney fees-additional rent Haddon Point demanded during the June 6, 2019 trial . . . was reserved for "another time" despite the fact that no part of the adjudicative transcript . . . shows any reservation, adjournment, without any specific date.

[POINT VI]

The Trial Court abused its discretion during [the] July 18, 2019 post-trial motion hearing . . . when the Court reasoned with ambiguity and logical flaws that Haddon Point can *later* pursue the denied $1,000 May 2019 attorney fees-additional rent notwithstanding the same Court previously denied it as "additional rent" during the June 6, 2019 trial . . . on grounds of *doctrine of laches*.

[POINT VII]

A-5647-18

The Trial Court abused its discretion when it reasoned during [the] July 18, 2019 post-trial motion hearing that Haddon Point can pursue the June 2019 already-denied $1,000 May 2019 attorney fees-additional rent as monetary damages later on.

[POINT VIII]

The Trial Court abused its discretion during the July 18, 2019 post-trial motion hearing when the Court said Haddon Point can pursue the $1,000 May 2019 attorney fees whereas Haddon Point acknowledged on June 6, 2019 trial that they are not the "prevailing party" entitled to collecting [sic] those Attorney fees.

[POINT IX]

The Trial Court abused its discretion when the Trial Judge failed to recognize that Haddon Point Attorneys were taking advantage of his faded memory to prolong the case and/or bully *pro se* Livingstone for $1,000 Attorney Fees the Court had already previously denied.

[POINT X]

The Trial Court abused its discretion during the July 18, 20[19] hearing when the Court failed to impose sanctions against Haddon Point.

Finally, defendant raises the following arguments concerning the court's

August 15, 2019 order:

[POINT XI]

THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE COURT DECLINED TO TRANSFER THIS THIRD EVICTION CASE TO THE LAW

7

A-5647-18

DIVISION DESPITE JUDICIAL NOTICE OF PARALLEL FEDERAL LITIGATION AND TWO PREVIOUS DISMISSED EVICTION COMPLAINTS BETWEEN THE SAME PARTIES.

[POINT XII]

THE TRIAL COURT ABUSED ITS DISCRETION DURING [THE] AUGUST 15, 2019 TRIAL WHEN THE COURT PROVIDED UNFAIR AND HIGHLY PREJUDICIAL TRIAL [SIC] AGAINST APPELLANT'S CONSTITUTIONAL RIGHT TO FAIR TRIAL IN VIOLATION OF DUE PROCESS OF LAW.

[POINT XIII]

THE TRIAL COURT ABUSED ITS DISCRETION ON AUGUST 15, 2019 TRIAL [SIC] WHEN THE COURT DECLINED TO DISMISS THE COMPLAINT AS A DEFECTIVE COMPLAINT CONTAINING INACCURATE WATER BILL IN VIOLATION OF DUE PROCESS AND FAIR DEBT COLLECTIONS PRACTICES ACT.

[POINT XIV]

THE TRIAL COURT ABUSED ITS DISCRETION DURING [THE] AUGUST 15, 2019 TRIAL WHEN THE COURT FAILED TO APPLY BREACH OF CONTRACT LAW AGAINST HADDON POINT FOR VIOLATING ITS OWN RULES IN THE LEASE INSTEAD OF COLLATERAL ESTOPPEL AGAINST APPELLANT.

[POINT XV]

THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE COURT TREATED THIS CASE AS "HABITUAL LATE PAYMENT OF RENT" INSTEAD OF "NON-PAYMENT OF RENT" DURING BOTH AUGUST 15, 2019 TRIAL AND SEPTEMBER 12, 2019 ORDER TO SHOW CAUSE POST-TRIAL MOTION HEARING.

[POINT XVI]

THE TRIAL COURT ABUSED ITS DISCRETION DURING THE SEPTEMBER 12, 2019 ORDER TO SHOW CAUSE MOTION HEARING WHEN THE COURT VIOLATED APPELLANT'S RIGHT TO BE HEARD, PREJUDICED AND DISCRIMINATED APPELLANT, [SIC] AND DECLINED TO VACATE THE JUDG[]MENT OF POSSESSION.

[POINT XVII]

THE TRIAL COURT ABUSED ITS DISCRETION DURING [THE] SEPTEMBER 12, 2019 POST-TRIAL HEARING WHEN THE COURT PREJUDICED APPELLANT FOR ABUSE OF COURT PROCESS AND GAMESMANSHIP AS A RESULT OF CUMMULATIVE [SIC] EFFECT OF THE TWO PREVIOUS EVICTION CASES.

[POINT XVIII]

THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE COURT PREJUDICED APPELLANT DURING THE SEPTEMBER 12, 2019 POST-TRIAL MOTION HEARING CLAIMING THAT APPELLANT HAS "INTENTIONALLY" CHOSEN NOT TO PAY RENT ON TIME.

[POINT XIX]

9

THE TRIAL COURT ABUSED ITS DISCRETION DURING THE SEPTEMBER 12, 2019 ORDER TO SHOW CAUSE MOTION HEARING WHEN THE COURT CONSPIRED WITH HADDON POINT TO EVICT APPELLANT IN RETALIATION FOR FILING THIS INSTANT NOTICE OF APPEAL TO THIS COURT; FEDERAL LAWSUIT; AND MOTIONS.

[POINT XX]

THE TRIAL COURT ABUSED ITS DISCRETION DURING [THE] SEPTEMBER 12, 2019 ORDER TO SHOW CAUSE HEARING WHEN THE COURT EVICTED APPELLANT FOR $12,000 ATTORNEY FEES-ADDITIONAL RENT THAT DOES NOT APPEAR ANYWHERE ON THE FACE OF THE EVICTION COMPLAINT IN VIOLATION OF FDCPA AND DUE PROCESS OF LAW.

[POINT XXI]

THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE COURT AWARDED UNCONSCIONABLE AND UNREASONABLE 10% LATE RENT PAYMENT FEES TO HADDON POINT.

[POINT XXII]

THIS APPELLATE COURT ABUSED ITS DISCRETION WHEN HADDON POINT COMMITTED FRAUD UPON THE COURT BY OBTAINING *EX-PARTE* AMENDMENT OF THIS COURT'S SEPTEMBER 13, 2019 EMERGENT STAY ORDER.

A-5647-18

We have considered defendant's contentions in light of the record and the applicable legal principles, and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5647-18